IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RANDALL R. INMAN, SR.,

    Plaintiff,

v.                                             Civil Action No. **3:09CV589**

**RICK GUNTER,**

    Defendant.

## REPORT AND RECOMMENDATION

Randall R. Inman, Sr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Rick Gunter, the editor of the Crewe-Burkeville Journal ("the Journal"), promised Plaintiff that he would write a story about Plaintiff's unjust incarceration and his medical situation. Gunter, however, did not follow through on this promise. Thereafter, Plaintiff wrote Gunter a letter inquiring how much the Journal would charge to print Plaintiff's story. Gunter did not respond to Plaintiff's letter. Plaintiff contends that Gunter violated Plaintiff's right to freedom of speech under the First Amendment.[1] Plaintiff demands $100,000 and injunctive relief.

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

---

[1] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

discriminatory or wrongful." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009) (internal quotation marks omitted). There are no allegations in the complaint that plausibly suggest Gunter, a newspaper editor, was acting under color of state law. *See Thompson v. Flint Journal Newspaper*, No. 83-1508, 1985 WL 13133, at *1 (6th Cir. Apr. 30, 1985). Accordingly, it is RECOMMENDED that the action be DISMISSED for failure to state a claim and as legally frivolous.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 6-25-10
Richmond, Virginia